IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALLAS LEVON SIMMONS, #180081, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09cv1069-ID |
| ) | [WO] |
| ) | |
| DAVID HOLMES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Dallas Levon Simmons ("Simmons"), a former state inmate, initiated this 42 U.S.C. § 1983 action on November 23, 2009. In the instant complaint, Simmons challenges the representation provided to him by counsel during criminal proceedings before the Circuit Court of Covington County, Alabama in 1994. However, Simmons did not file the $350.00 filing fee nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis*. The court entered an order requiring that Simmons file the information necessary for a determination of whether he should be allowed to proceed without prepayment of a filing fee or the $350.00 filing fee. *Order of November 30, 2009 - Court Doc. No. 2* at 1-2. The court specifically cautioned Simmons that failure to file a response in compliance with the directives of this order would result in a Recommendation "that this case be dismissed." *Id*. at 2.

Simmons has failed to file a response to the order entered on November 30, 2009. The court therefore concludes that the instant cause of action should be summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice at this time for failure of the plaintiff to file either a request for leave to proceed *in forma pauperis* or the requisite $350.00 filing fee.[1]

It is further

ORDERED that on or before **January 4, 2010**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds*

---

[1] In dismissing this case, the court makes no determination with respect to the merits of the plaintiff's claims for relief.

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 18th day of December, 2009.

                                           /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE